**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| FUNDIENT, LLC, SCOTT GORDON, and SAL MIRRAN,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON CONTROLS, INC.,<br><br>Defendants. | Case No. 1:22-cv-00284-RP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY**

The Court should grant Plaintiffs' Opposed Motion for Jurisdictional Discovery because Plaintiffs' six jurisdictional discovery requests are narrowly tailored to address specific arguments in Defendant Johnson Control, Inc.'s ("JCI") Rule 12(b)(2) Motion to Dismiss. *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 679–80 (W.D. Tex. 2015) (Lane, M.J.). JCI raises three arguments in opposition, but none is persuasive.

***First***, JCI argues Plaintiffs have failed to plead their fraud claims with particularity. ECF No. 16 (Response) at 2–3. It invokes the well-established rule that fraud pleadings must set out the "who, what, when, where, and how" of the alleged fraud, and argues Plaintiffs have failed to meet those requirements because their pleadings did not state "where the presentation was delivered" or "how [it] was delivered." *Id.* at 3. JCI misconstrues the relevant "where" and "how." The question is not where or how the *Presentation* was delivered. The question is "where the [fraudulent] *statement* was made" and "the reason or reasons why the *statement* is misleading." *ABC Arbitrage Plaintiffs Grp. v. Churuk*, 291 F.3d 336, 350 (5th Cir. 2002) (emphasis added). Plaintiffs have clearly pleaded where JCI made fraudulent statements—in the Presentation and Whitepaper—and how those statements were misleading—by representing George Brazil had

piloted an all-in-one leasing program when in fact the piloted program involved purchase-money loans. *See* Ex. 1 (FAP) ¶¶ 10, 20. Plaintiffs have pleaded the "where" and the "how" with adequate particularity.

Plaintiffs have also sufficiently pleaded the "what" and the "who" by identifying the alleged misrepresentations and attributing them to JCI. JCI asserts that "Plaintiffs do not identify any false statements of material fact in the presentation." ECF No. 16 (Response) at 3. But its argument is belied by the face of Plaintiffs' First Amended Petition, which directly quotes the alleged misrepresentations in the Presentation (and the Whitepaper). Ex. 1 (FAP) ¶¶ 12–16, 18–19. JCI also argues Plaintiffs fail to plead "what JCI's representatives (as opposed to JJS Leasing's representatives) allegedly did or said with respect to the presentation," or "any factual support for [their] speculative assertion that JCI prepared the whitepaper." ECF No. 16 (Response) at 3. JCI ignores Plaintiffs' allegation that both the Presentation and Whitepaper prominently featured JCI's logo—a telltale sign that JCI endorsed the fraudulent misrepresentations therein. Ex. 1 (FAP) ¶¶ 12, 17.

***Second***, JCI argues Plaintiffs fail to make a preliminary showing of jurisdiction—even though the First Amended Petition accuses JCI of committing intentional torts directed at Plaintiffs in Texas. ECF No. 16 (Response) at 3–6. JCI's argument flies in the face of Fifth Circuit precedent holding "[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." *Wien Air Ala., Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999). JCI does not even cite, much less distinguish, the Fifth Circuit decisions applying that holding to claims for common law fraud and securities fraud under the Texas Securities Act ("TSA")—the very claims Plaintiffs have brought against JCI. *Id.* (common law fraud); *Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) (TSA). Instead, JCI rehashes its

meritless argument that Plaintiffs have failed to plead their claims with adequate particularity. ECF No. 16 (Response) at 4–5. And it argues the Whitepaper does not establish personal jurisdiction because JCI did not send it directly to Plaintiffs. JCI's former codefendant and joint tortfeasor did. *Id.* at 5–6. JCI fails to mention that it authored the Whitepaper, was copied on the email that sent the Whitepaper to Plaintiffs, and never intervened to correct the Whitepaper's misrepresentations. Ex. 1 (FAP) ¶ 17; Ex. 2 (September 22, 2020 Email from Scott Zimmer to Sal Mirran). These facts establish a prima facie case that JCI directed an intentional tort to Texas, both by delivering the fraudulent Presentation *and* by allowing the delivery of the fraudulent Whitepaper to Plaintiffs that resided there. *See Lewis*, 252 F.3d at 358 (Texas had personal jurisdiction over defendant who "participated in a telephone conversation . . . that was designed to convince [a Texas resident] to make [a] $650,000 loan" and "failed to correct allegedly false statements made by [his co-defendant] during that phone call").

***Third***, JCI argues the Court should deny Plaintiffs' Motion for Jurisdictional Discovery because they "failed to diligently pursue their previous opportunity to conduct jurisdictional discovery." ECF No. 16 (Response) at 6–7. Plaintiffs do not know what "previous opportunity" JCI is referring to. JCI's former codefendants filed a ten-page special appearance in December 2021 that raised an agency issue as to one of the codefendants, and Plaintiffs served jurisdictional discovery eight days later to address that narrow issue. Ex. 3 (Special Appearance of Probst, Zimmer, and QHM). JCI did not join its codefendants' special appearance and did not raise any factual issues in its own special appearance filed the same day. Ex. 4 (Special Appearance of JCI). Instead, JCI stated in one conclusory paragraph:

> Texas courts do not have specific jurisdiction over Defendant because Plaintiffs' causes of action did not arise from or relate to Defendant's contacts with Texas. Plaintiffs identify no actions taken by Defendant in Texas related to Plaintiffs' common law fraud or Texas Securities Act claims. Accordingly, Plaintiffs cannot

> show their injury is closely connected to Defendant's forum related conduct to meet the applicable test for specific jurisdiction.

As the Court can see, JCI did *not* argue the Whitepaper failed to establish personal jurisdiction because it did not directly send the Whitepaper to Plaintiffs—the issue addressed by Plaintiffs' jurisdictional discovery requests 1–2.

| | |
|---|---|
| <u>RFP 1</u> | All documents and communications related to the decision to send the Whitepaper to Plaintiffs. |
| <u>RFP 2</u> | All documents and communications showing how Scott Zimmer obtained the Whitepaper, when he obtained it, and why it was sent to him. |

It did *not* plead Plaintiffs failed to adequately allege JCI's representatives' roles in delivering the Presentation—the issue addressed by Plaintiffs' jurisdictional discovery requests 3–5.

| | |
|---|---|
| <u>RFP 3</u> | All documents and communications showing who worked on the Presentation, which portions of the Presentation they added and/or edited, when they worked on the Presentation, and for how long, including any revision histories. |
| <u>RFP 4</u> | All documents and communications related to Joe Oliveri's, Nina LoCicero's, and any other JCI employee's preparation to deliver the Presentation to Plaintiffs. |
| <u>RFP 5</u> | Documents sufficient to show how many hours JCI employees spent preparing the Presentation and preparing to deliver it to Plaintiffs. |

And it did *not* plead it did not know Plaintiffs resided in Texas—the issue addressed by Plaintiffs' jurisdictional discovery request 6.

| | |
|---|---|
| <u>RFP 6</u> | All documents and communications showing or supporting the inference that JCI knew Plaintiffs are Texas residents. |

Instead, JCI waited to raise those issues in its April 5, 2022 Motion to Dismiss (ECF No. 4), and Plaintiffs served jurisdictional discovery requests only three days later on April 8. Ex. 5 (April 8, 2022 Email to Counsel). Plaintiffs' jurisdictional discovery requests were timely.

The Court should grant Plaintiffs' Motion for Jurisdictional Discovery and order JCI to respond to Plaintiffs' jurisdictional discovery requests 1–6.

Dated: May 10, 2022

Respectfully submitted,

*/s/ William R.H. Merrill*
William R.H. Merrill (Texas 24006064)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
bmerrill@susmangodfrey.com

***Attorney for Plaintiffs Fundient, LLC, Scott Gordon and Sal Mirran***

**CERTIFICATE OF SERVICE**

I certify that on May 10, 2022, a copy of the foregoing was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to the counsel of record.

*/s/ William R.H. Merrill*
William R.H. Merrill